# United States District Court
# District of Massachusetts

JOSE VERA,
    Plaintiff,

        v.                           CIVIL ACTION NO. 2010-10442-RBC

THOMAS DICKHAUT, et al.,
    Defendants.

## *ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS (#6) AND FOR APPOINTMENT OF COUNSEL (#4)*

COLLINGS, U.S.M.J.

    1.    The motion (#6) for leave to proceed *in forma pauperis* is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $13.88.  The remainder of the fee, $336.12, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

    2.    The Clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form

("consent package").

3. The Clerk shall issue summons as to all defendants except the two "John Doe" correctional officers. The United States Marshal shall serve a copy of the summons, complaint, consent package, and this Order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States.

4. At this time, the Clerk shall not issue summons as to the two "John Doe" correction officers because these are fictitious names. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identify of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, Vera discovers the true names the "John Doe" officers, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Id.* at 8 n.5. He may then also file a motion for issuance of summons for these defendants. If summons issue, the United States Marshal shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

5. The motion (#4) for appointment of counsel is DENIED WITHOUT PREJUDICE. Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a

constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as *pro bono* counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See DesRosiers*, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.  Because the defendants have not been served with or responded to the complaint, the Court cannot yet determine whether exceptional circumstances exist that would justify appointment of counsel.  The plaintiff may renew his request for counsel after the defendants have responded to the complaint.

SO ORDERED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: 4/9/2010